## Weekly Abstract of PENDING CASES

No. 475
COOK v. ISAACS
No. 19087. Supreme Court.
On motion to certify. Dock. April 21, 1925, 3 Abs. 265.

480. EVIDENCE—Can undelivered lease not properly signed be admissible as?

1101. SPECIFIC PERFORMANCE — Can court of equity, after time in which it was to be concluded has expired, enforce agreement to make lease, there having been no extension of time?

This was an action brought by Wm. Isaacs, to enforce the specific performance of an agreement with Julia Cook, to make a 99 year lease. The preliminary agreement provided that the parties were to work out a 99 year lease, stipulating the amount of the rental and certain of the terms and conditions, and then providing that certain other terms and conditions were to be worked out and agreed upon by the parties, and that the whole transaction should be completed within forty days from the date thereof, otherwise both parties to be released therefrom.

Negotiations were entered into and a rough draft of the proposed lease worked out, and submitted by Cook, the lessor, to Isaacs, the lessee. About two or three days before the expiration of the forty day period, Isaacs reported back, requesting certain changes. It was contended by him that an agreement was reached regarding these other terms. This was denied by Cook. However, after the conference, Cook started a second draft of the lease, but this was not concluded in time for the parties to get together for a further conference or for closing the transaction within the forty day period, so the second draft of the lease never went out of the possession of counsel for Cook.

Suit was filed by Issacs for specific performance. At the time of the trial, upon cross-examination of counsel for Cook, Isaacs succeeded in having the second draft of the lease produced in Court, and offered same in evidence. This second draft of the lease began with a paragraph reciting that it was a lease entered into between the Cooks as lessors, and Isaacs as lessee, and at the end, it had a place for signatures. Objection was made to the introduction of this lease, and the Court of Appeals held that it was admissible in evidence; that it did not need to be delivered to be used as evidence; and that the placing of the name of the lessor in the opening paragraph

of the draft by lessor's attorneys, was a sufficient signing under the Statute of Frauds.

The issues being raised in the Supreme Court on the motion to certify are:

1. Whether a Court of equity can, or should, enforce an agreement to make a lease, after the time within which it was to be concluded had expired, without some written waiver or extension of the time.

2. That the second draft of the proposed lease was not properly signed and was not delivered, and was therefore inadmissible in evidence.

Attorneys—Austin and Kirkbride, for Cook; Klein, Harris & Diehm, for Isaacs, all of Cleveland.